**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Berkadia Real Estate Advisors LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Arthur R Wadlund, et al.,<br><br>　　　　　　Defendants. | No. CV-22-00049-TUC-CKJ<br><br>**ORDER** |

　　　　On January 12, 2023, the Plaintiff filed a motion to compel responses to Amended Subpoenas, issued September 2022, from nonparties Marcus& Millichap Real Estate Investment Services Inc., (IPA), Ryan Sarbinoff, Hamid Panahi, Steve Gebing, Lisa Ringo Hartly, and Krista Ying (Nonparties).

　　　　Plaintiff tendered subpoenas to these six Nonparties. Only Lisa Ringo Hartly and Krista Ying responded in part producing some documents which Plaintiff charges were in large part heavily redacted. Plaintiff asks the Court to order reproduction of documents already produced, including: 1) unredacted copies of all documents; 2) complete copies of all documents, including all attachments, and 3) all missing information, including email addresses of senders and recipients. Produce a Privilege Log accounting for their claims of privilege and produce those documents contained on their current Privilege Logs which are not privileged.

Additionally, Plaintiff asks the Court to order the Nonparties to produce written[1] responses to the Amended Subpoenas and production of documents concerning: 1) Defendants, Hartley, and Ying's relationships with IPA, including any payments IPA offered to purchase Berkadia's Tucson office; 2) Defendants' illegal competitive work for and solicitation of Berkadia's clients on behalf of or in concert with the Nonparties; 3) Defendants' and the Non-Parties' misappropriation, use, and possession of Berkadia's confidential and trade secret information; and 4) recruitment of Defendants, Ying, and Hartley, and IPA's takeover of Berkadia's Tucson office, including negotiation of its lease with A. Wadlund and communications in November 2021.[2]

This discovery focuses on fleshing out email evidence that on December 2, 2021, Sarbinoff sent Defendants' IPA Salesperson Agreements, and on December 21, 2021, C. Wadlund sent Sabinoff his existing pipeline, including clients that Plaintiff alleges were under exclusive listing agreement with Berkadia, such as Alterra, San Xavier, and Cherry Lofts. By December 27, while still employed with Plaintiff, Defendants began working with Sarbinoff and James Crawley, IPA's Sales Manager, to assess Berkadia's networks to determine how best to transfer information from its Salesforce and Outlook databases directly onto IPA's system. Around the same time, A. Wadlund negotiated a lease for IPA to take over Berkadia's office space; it appears that the Defendants own the property leased by Plaintiff and now leased by IPA.

In Reply to the Nonparties' response to the motion to compel, Plaintiff asserts the response ignores Plaintiff's efforts undertaken to resolve the disputed subpoenas by narrowing the scope and agreeing to provide necessary protections for IPA's assertions of confidentiality and proprietary interest by adding an attorneys' eyes-only provision to the

---

[1] The Court is confused by this reference to written responses because the subpoenas are for document productions.

[2] The motion to compel aimed at Nonparties Ying and Hartley failed to provide a separate statement of the question, the answer, and reasoning regarding deficiency; requirement does not apply where there has been a complete and total failure t respond to discovery. LRCiv. 37.1; *see* (P Resp. Ds' MC Rule 30(b)(6) Depo. (Doc. 115) at 5 (arguing for dismissal of Defendants' motion to compel production of Rule 30(b) deponent based on same noncompliance).

existing Protective Order. According to Plaintiff, "Berkadia has been very clear in its discussions with the Non-Parties about the limited subset of information it is seeking by narrowing it to the [] categories of documents," as follows:

> 1. Defendants' work with, on behalf of, or for the benefit of IPA while employed by Berkadia; 2. Defendants' relationship and duties with IPA; 3. payments from IPA to Defendants in exchange for them going over to IPA; 4. Berkadia's confidential information and trade secrets misappropriated and used by the Non-Parties; and 5. Defendants' and the Non-Parties' improper solicitation of Berkadia's clients.

(P Reply (Doc. 129) at 3.)

Taking Plaintiff's at their word, the majority of the motion to compel falls away, leaving basically three disputes: 1) how much of the information sought regarding the relationships and transactions between Defendants and IPA and its agents and employees can be more conveniently and economically obtained directly from the Defendants. Fed. R. Civ. P.26(b)(2)(C)(i). It appears that one reason for tendering these inquiries to the Nonparties is due to Defendants' failure to produce and respond to these same or similar discovery requests. *See* (P MC, Ex. 26: October 14, 2022, memo (Doc. 122-22) at 3.) The contours of relevancy having now been established, and with Defendants soon to answer and respond, this is no longer a reason for seeking such discovery from these Nonparties.

Likewise, there is no reason for continued nondisclosures based on assertions by Nonparty IPA that it does not want to make disclosures of its own confidential and proprietary information. Plaintiff is willing to modify the Amended Protective Order to accommodate this concern. "Confidentiality is not a bar to discovery. A protective order that restricts use of confidential discovery materials and requires such materials to be filed under seal can provide adequate protection for confidentiality." *Cf., Seafirst Corp. v. Jenkins*, 644 F. Supp. 1160, 1164 (W.D. Wash. 1986) (refusing to create a "new" privilege beyond deliberative process privilege). Once this order of protection is place, the Nonparties redactions and claims of privilege must be revisited. *See example*: (P MC, Ex. 32: Supplemental Privilege Log (Doc. 122-23) at 14-26 (claiming nondisclosure based on confidentiality and/or proprietary interests, or outside the scope of discovery). As narrowed by Plaintiff, this discovery is relevant and not privileged. The same logic applies to

1 redactions made by responding Nonparties that were based on the confidentiality and
2 proprietary interests of IPA.

3 Plaintiff makes a relevant inquiry into "Berkadia's confidential information and
4 trade secrets that Plaintiff alleges were misappropriated and used by the Nonparties or
5 Defendants after they began working for IPA. This discovery should be answered by the
6 Nonparties. Likewise, Nonparties should answer and respond to discovery seeking
7 information about Defendants and the Non-Parties' improper solicitation of Berkadia's
8 clients. The Court agrees with the Nonparties' position that there is no support for an
9 assertion that Berkadia's current or prospective clients are relevant to this inquiry. *See*
10 (Order (Doc. 133) at 12.) Berkadia's clients shall be defined as clients (using the common
11 meaning for this term) on or before the time of the alleged misappropriation.

12 The parties shall meet and confer, with Plaintiff identifying the remaining
13 subpoenaed discovery relevant to produce information for the above subsets of
14 information. This shall be done based on the assumption that Defendants shall respond and
15 answer the discovery requests that have been propounded to them so that Nonparties are
16 not burdened by discovery which should be obtained from Defendants, pursuant to Rule
17 26(b)(2)(C)(i). This way, Plaintiff may avoid duplication. *See* (P Reply (Doc. 129) at 6
18 (complaining of document dump of "documents either already obviously in Berkadia's
19 hands (because they belonged to Berkadia) or not relevant). The Court does not mean to
20 limit the usage of discovery to these Nonparties in a targeted intentional way to investigate
21 the completeness of information obtained from the Defendants, but the Amended
22 Subpoena's violate Rule26(b)(2)(C)(i) where they seek duplicative documents like copies
23 of contracts or most of the emails sent from Defendants to the Nonparties.

24 The Court denies the Nonparties' requests for attorney fees related to this motion
25 because much of the problem in completing this discovery flowed from the disputed
26 discovery between the parties. The Nonparties also failed to propose a protective order to
27 facilitate disclosure and instead mischaracterized redactions and nondisclosure as
28 privileged. The Court notes that unless good cause is shown depositions shall be limited to

10 as provided for in the rule, Fed. R. Civ. P. 30(A)(2)(i), including depositions of the Nonparties.

**Accordingly,**

**IT IS ORDERED** that the motion to compel responses by Nonparties to Subpoenas, issued September 2022, (Doc. 120) is GRANTED IN PART AND DENIED IN PART, as follows: within 14 days of the filing date of this Order, the Plaintiff and Nonparties shall meet and confer for Plaintiff to identify and the Nonparties to concur regarding amendment, pursuant to this Order, of the document requests pending pursuant to the Subpoenas.

**IT IS FURTHER ORDERED** that the request for attorney fees by the Nonparties is DENIED.

**IT IS FURTHER ORDERED** that within 14 days of the filing date of this Order the Nonparties shall make modifications to the existing Amended Protective Order or draft a separate Protective Order to its satisfaction and provide the document to the Plaintiff for its consideration and to be filed in the case.

**IT IS FURTHER ORDERED** that pursuant to entry of an order of protection for Nonparties' confidentiality and proprietary interests, the redacted documents shall be reviewed and redisclosed pursuant to the protective order, without redaction. All redactions or nondisclosures based on claims of privilege shall be accompanied by a Privilege Log.

**IT IS FURTHER ORDERED** that the Nonparties shall have 30 days to produce the documents in response to the Subpoenas as amended in accordance with this Order, but not later than March 31, 2023.

**IT IS FURTHER ORDERED** that at the request of the Plaintiff, the Nonparties shall, each through their attorney, tender 3 possible dates for their depositions to be held no later than May 31, 2023.

/////
/////
/////

**IT IS FURTHER ORDERED** that the Motion to Seal Proposed Confidential Nonparty Subpoena Responses and Exhibits (Doc. 121) is GRANTED, and the Clerk of the Court shall file the Document (lodged Doc. 122) UNDER SEAL.

Dated this 17th day of February, 2023.

_____
Honorable Cindy K. Jorgenson
United States District Judge