**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Berkadia Real Estate Advisors LLC,

             Plaintiff,

v.

Arthur R Wadlund, et al.,

             Defendants.

No. CV-22-00049-TUC-CKJ

**ORDER**

      The Court denies reconsideration of its Order (Doc. 201) that denied Plaintiff's request for sanctions against the Defendants for the admitted loss or destruction of a backup hard drive.

<u>Standard of Review for Motion for Reconsideration</u>

      LRCiv 7.2(g) sets forth the standard under which a Court reviews a Motion for Reconsideration. It states:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

      In the District of Arizona, motions for reconsideration will be granted when: (1) there are material differences in fact or law from that presented to the Court and, at the

time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence; (2) there are new material facts that happened after the Court's decision; (3) there has been a change in the law that was decided or enacted after the Court's decision, or (4) the movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). *See also, School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.199 (explaining reconsideration if there is newly discovered evidence, court committed clear error or the initial decision was manifestly unjust, or if there is an intervening change in controlling law*); Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (same). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. 99, 101 (E.D.Va.1983).

"Whether to grant reconsideration is within the sound discretion of the trial court." *Navajo Nation*, 331 F.3d at 1046. A denial of a motion for reconsideration is reviewed for abuse of discretion. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Motions to reconsider are appropriate only in rare circumstances, such as where the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension.   A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court.  Such problems rarely arise and the motion to reconsider should be equally rare. *Above the Belt, Inc.,* 99 F.R.D. at 101, *see also, Sullivan v. Faras-RLS Group, Ltd*., 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

<u>Reconsideration: Order denying sanctions for lost hard drive</u>

It is admitted that Lisa Hartley took a backup hard drive she used at Berkadia with her when she moved to IPA with the Defendants. It was her practice over approximately

20 years of employment with the Defendant to save all Defendants' files to this backup archive to prevent data loss. She followed this practice while working for Defendants at Berkadia, and it was aware of this practice. After the move to IPA, she was told the drive needed to be quarantined and gave it to someone. That backup archive drive has been lost or destroyed.

On September 14, 2023, the Court denied the Plaintiff's request for sanctions, including imposition of an adverse inference that the lost evidence would have been favorable to Berkadia. (Order (Doc. 201.) The Court reasoned that the information on the lost data drive could be recreated. It is undisputed that Plaintiff's own computers contain all the data because the lost hard drive was a duplicate. Likewise, the Plaintiff's computers reflect when Hartley accessed Berkadia's computer system and related copying activities, including what was copied and if it was copied to or from the lost hard drive. On reconsideration, Plaintiff does not dispute access to such information but argues that only the lost drive will show what was used after it was taken to IPA. The Court, however, also allowed Plaintiff to obtain additional discovery if necessary, and none was requested. Therefore, the Court concludes the Plaintiff has discovery from the Defendants' computers and IPA computers used by Defendants. Those computers, like those at Berkadia, contain information reflecting when Hartley accessed them, including information for any documents she copied from the lost drive.

In its Order denying sanctions the Court was hopeful the lost hard drive would be found, but it has not been found. Now, the Court considers Fed. R. Civ. P., Rule 37(e)(1).

Federal Rule of Civil Procedure 37(e), as amended in 2015, governs Plaintiff's request for sanctions for loss of the electronically stored information ("ESI"), data files, on the backup hard drive. The 2015 amendments addressed the "continued exponential growth" of ESI. Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

Rule 37(e) provides: "If electronically stored information that should have been preserved . . .  is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: upon finding

prejudice . . . , may order measures no greater than necessary to cure the prejudice; or only upon a finding that the party acted with the intent to deprive another party of the information's use in the litigation, may presume that the lost information was unfavorable to the party; instruct the jury that it may or must presume the information was unfavorable to the party, or dismiss the action or enter a default judgment."

Because the ESI in this case no longer exists, the Defendants cannot assert any presumption of irrelevance as to the lost files on the backup drive. *Leon v. IDX Sys. Corp*., 464 F.3d 951, 959 (9th Cir. 2006). The record, however, reflects that Defendants took reasonable steps to preserve it by quarantining what was an archival hard drive used to backup files that remained preserved in original form on Plaintiff and Defendants' computers. The backup drive was lost in an effort to prevent its use in response to litigation. The Court finds the loss was inadvertent, and not as a result of any malfeasance. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). Rule 37(e) calls only for "reasonable steps to preserve, it is inapplicable when the loss of information occurs despite the party's reasonable steps to preserve." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

Plaintiffs seek sanctions under Rule 37(e) in the form of a mandatory adverse inference of fact as follows: the Defendants took data files belonging to Berkadia and used the data and files at IPA. Under Rule 37(e), the Court must find that a party acted with "intent to deprive another party of the information's use in the litigation" before it may "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).  An adverse-inference, including such a jury instruction, are "very severe measures to address or deter failures to preserve electronically stored information ...." *Hannan Ribiyou Kabushikigaisha v. Agu Ramen, LLC*, No. CV 19-00379 JMS-KJM, 2022 WL 252105, at *4 (D. Haw. Jan. 11, 2022) (quoting Fed. R. Civ. P. 37(e)(2) advisory committee's notes to 2015 amendment). "That is why a court may impose such measures 'only on a finding that the party that lost

the information acted with the intent to deprive another of the information's use in litigation.'" *Id*. In this case, the Court finds some legitimacy to Plaintiff's complaint that Defendants and IPA have taken a cavalier approach to locating the lost backup hard drive. "Negligent or even grossly negligent behavior," however, "does not logically support" an adverse inference instruction. Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment; *see also Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016) (holding that a showing of negligence is not sufficient for sanctions under Rule 37(e)(2)). The Court finds that there is no evidence, not even circumstantial evidence, to show intent; neither Defendants nor IPA acted intentionally to deprive Plaintiff of the lost backup hard drive.

Under Rule 37(e)(1), upon a finding of prejudice, a court is authorized to employ measures "no greater than necessary to cure the prejudice," Fed. R. Civ. P. 37(e)(1)), with the range of measures being quite broad if necessary and "[m]uch is entrusted to the court's discretion," *id.,* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. "The only express limitation to curative measures under Rule 37(e)(1) is that they "do not have the effect of measures that are permitted under subdivision (e)(2)." *Id.* This is because sanctions under subdivision (e)(2) can only be imposed on a finding of intent to deprive another party of the lost information's use in the litigation. Fed. R. Civ. P. 37(e)(2).

Here, the Court finds Plaintiff suffers no prejudice because Berkadia's own computers will reflect the files Hartley copied to the backup hard drive when Defendants worked for them, and she admits taking those files with her when she went to IPA. Even without the backup hard drive, Plaintiff can discover every file opened and used by Defendants and Hartley at IPA. Comparing the two will recreate the file information from the lost backup drive: what files were contained on the backup drive, which she took to IPA, and which of those files she opened while at IPA and how she used them. Accordingly, even if Plaintiff were able to meet all three of the threshold requirements under Rule 37(e), and even if the requested sanction was proper under Rule 37(e)(1), the Court will still not sanction the Defendants because the Court cannot find the requisite

prejudice. The Court reaffirms the denial of Plaintiffs' request for an adverse inference sanction.

Conclusion

The Plaintiff's Motion for Reconsideration does not raise new material facts or evidence discovered after the Court's decision or raise any intervening change in law that would affect the Court's decision. Plaintiff also does not assert that any "material differences in fact or law" brought forward in their Motion for Reconsideration could not have been brought to the Court's attention earlier with reasonable diligence. The Court has reviewed Federal Rule 37(e) and is satisfied that its Order (Doc. 201) was not the result of manifest error, did not result in manifest injustice, and it sufficiently considered the material facts presented by Plaintiff in reaching its decision.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 211) is DENIED.

Dated this 19th day of March, 2024.


_____
Honorable Cindy K. Jorgenson
United States District Judge