**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Berkadia Real Estate Advisors LLC,<br><br>            Plaintiff,<br><br>v.<br><br>Arthur R Wadlund, et al.,<br><br>            Defendants. | No. CV-22-00049-TUC-CKJ<br><br>**ORDER** |
| Arthur R Wadlund, et al.,<br><br>            Counterclaimants,<br><br>v.<br><br>Berkadia Real Estate Advisors LLC,<br><br>            Counterdefendant. | |

On July 11, 2024, Defendants/Counterclaimants (Defendants) filed a Motion for Reconsideration of the Court's Order issued June 27, 2024, denying the Motion for Summary Judgment filed by Plaintiff/Counterdefendant (Plaintiff), denying summary judgment on the Counterclaim, and granting in part and denying in part the dispositive motion filed by Defendants. The Motion for Reconsideration addresses the Court's Order in part denying Defendants' Motion for Summary Judgment allowing Counts 2-4[1] to proceed for nine properties: Equinox on Prince, Monier, Peaks at Redington, Canyon

---

[1] Counts 9 and 10 also proceed to trial.

Heights, Aspen Ridge, Cinnamon Tree, Elevate, the Zone, and Highlands I and II. Defendants ask the Court to reconsider six of these properties: Monier, Peaks at Redington, Aspen Ridge, Cinnamon Tree, Elevate, and Highlands I and II. The Defendant seeks reconsideration because these properties, except the Monier property, were not listed until after January 2022, and the Monier property never sold.

The Court's finding that material questions of fact exist as to Plaintiff's claim that Defendants' "slow played" listings during their employment was based on evidence showing that Defendants secured listings in January through March, and the Elevate listing occurred in June, (Order (Doc. 265) at 30), "[together] with evidence that Defendants had communications related to several of these properties during the time they were employed by Plaintiff after they decided to leave and go to IPA., *id.* The simple fact that a property was not listed in January was not determinative and is insufficient to support reconsideration. For all the reasons stated in Plaintiff's Response to the Motion for Reconsideration, it is denied.

Motions to reconsider are appropriate only in rare circumstances, such as where the Court is: "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir.1993). Such problems rarely arise and a motion to reconsider should be equally rare. *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983), *Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 100. "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

The Court was not confused about the listing dates. The Court considered the dates of the signed listing agreements and found as to those listings, Plaintiff supported its assertion Defendants "slow played" communications with their respective owners by presenting evidence Defendants knew about them at Berkadia, began working on them with IPA brokers before leaving Berkadia, and listed them within those dates after joining IPA.

As reflected in Plaintiff's Response to the Motion for Reconsideration, there is evidence Defendants had discussions with the owners of Highlands I and II in December before leaving Berkadia to join IPA. *See* (Response (Doc. 270) at 5) (describing email by A. Wadlund to Northland, then-owner of the apartment complex Highlands I and II, suggesting that they 'change [their] 12/23 call to the 2nd week of January; Northland insisting on earlier meeting and Wadlund refusing).

Plaintiff will be allowed to proceed on its claims with regard to Monier. Defendants' argument that they did not sell Monier at IPA fails to distinguish between Plaintiff's ability to prove its claims versus proving damages. *See* (Order (Doc. 265) at 29-30.) The communications related to Monier by Defendants with Hamid Panahi at IPA while they still worked for Plaintiff are relevant to Counts Two and Four for alleged breaches of the exclusivity and noncompete provisions of the ICAs. This evidence is also relevant to Counts Three, Nine and Ten, alleging Defendants sent confidential and trade secret information to IPA, including the BOV for Monier. (Response (Doc. 270) at 6.) On the other hand, if Monier was not sold, Plaintiff has no evidence of such proceeds to offer as proof of damages. Whether Plaintiff offers some other proof of loss related to Monier remains to be seen at trial.

Defendants do not identify a material change in the law following the Court's Order. They do not point to any facts that were not available to them at the time of their Motion for Summary Judgment or that occurred after the Court's Order. Defendants do not show any material facts the Court failed to consider. They merely disagree with the Court's

application of the law to those facts. This is not the exceptional case warranting reconsideration.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 266) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal the Court's Order (Doc. 265).

**IT IS FURTHER ORDERED** setting this matter for a Pretrial Conference on Monday, October 7, 2024, at 10:00 a.m. The parties should be prepared to discuss the proposed Joint Pretrial Order and to set a trial date.

Dated this 29th day of August, 2024.

Honorable Cindy K. Jorgenson
United States District Judge